946 F.2d 1564
 292 U.S.App.D.C. 84
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Petitioners,
v.
WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY and Roy
Kelly, Respondents.
 No. 90-1148.
 United States Court of Appeals, District of Columbia Circuit.
 June 18, 1991.
 
 Petition for Review from the Benefits Review Board United States Department of Labor.
 Before WALD, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on petition for review of a final order of the Benefits Review Board, United States Department of Labor, and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the orders of the Benefits Review Board, filed June 30, 1989 and January 24, 1990, be reversed and the case remanded for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 The Director of the United States Department of Labor's Office of Workers' Compensation Programs ("Director") seeks review of an order of the Benefits Review Board ("Board"), which reversed in several respects the decision of an Administrative Law Judge ("ALJ") resolving Roy Kelly's claim for disability benefits against the Washington Metropolitan Area Transit Authority ("WMATA"), brought under the District of Columbia Workmen's Compensation Act, incorporating the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq. ("the Act"). Because the Board exceeded its statutory scope of review in reversing factual findings by the ALJ that were "supported by substantial evidence in the record considered as a whole," 33 U.S.C. § 921(b)(3), and applied a legal presumption which has since been repudiated by this court, see Director, OWCP v. Berkstresser, 921 F.2d 306, 311-12 (D.C.Cir.1990), we reverse the order of the Board and remand the case for further proceedings.
 
 
 5
 This court recently considered the central legal issue presented in this case, i.e., whether "an employer's showing of available alternative employment creates a presumption that such employment was available at the time of maximum medical improvement." Id. at 312. As in Berkstresser, the Director contests the Board's asserted "position that the date permanent partial disability begins is the date claimant achieves maximum medical improvement, irrespective of the date of availability of suitable alternate employment." Board's 1/24/90 order on reconsideration at 2, App. 15. This court has rejected the Board's view as "fail[ing] to take seriously the economic component of disability under the Act," and as "inconsistent with the burden-shifting evidentiary scheme recognized by this and other circuits." Berkstresser, 921 F.2d at 312.
 
 
 6
 In this case, the ALJ determined that Kelly reached maximum medical improvement in January 1986, and that WMATA demonstrated available alternative employment opportunities in February 1986. On appeal, the Board reversed the ALJ's finding as to the date of maximum medical improvement and substituted its own determination that Kelly's disability became permanent on January 1980.[1] In reviewing the determination of a claim for disability benefits under the Act, the Board is required to defer to the ALJ's factual findings "if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3).
 
 
 7
 As the Director freely acknowledges, Dr. Dennis's report of January 11, 1980, recommending that Kelly "be considered for more sedentary occupations" and rating Kelly's "permanent-partial disability" as not exceeding "10% for the body as a whole," see App. 23, might well have satisfied the statutory "substantial evidence" standard to support a finding that maximum medical improvement was reached in January 1980. See Whitmore v. AFIA Worldwide Ins., 837 F.2d 513, 515 n. 4 (D.C.Cir.1988) ("Substantial evidence means more than a scintilla, but less than a preponderance of the evidence."). The ALJ's finding that Kelly did not reach maximum medical improvement until January 1986, however, was likewise supported by substantial evidence, and it was the province of the ALJ and not the Board to weigh conflicting evidence and arrive at factual determinations. See id. at 515 (ALJ's duty to decide among opinions of medical experts "in drastic conflict"); Director, OWCP v. Belcher Erectors, 770 F.2d 1220, 1222 (D.C.Cir.1985) ("Board is not free to reevaluate the facts de novo; " while record evidence may have adequately supported Board's position, it was "far beyond the province of 'substantial evidence' review to reverse the ALJ for failing" to view evidence similarly). Kelly's changing medical condition and repeated hospitalizations during the six-year period between the January 1980 medical report and Dr. Dennis's decision in January 1986 to release Kelly for work and commence rehabilitative efforts, are well documented in the ALJ's decision, see ALJ's decision at 3-4, App. 3-4, and formed an adequate evidentiary basis for the ALJ's finding that maximum medical improvement was reached in January 1986. Id. at 7.
 
 
 8
 Because the Board exceeded its statutory scope of review in reversing the ALJ's finding that Kelly achieved maximum medical improvement in January 1986, and applied an improper legal presumption that WMATA's demonstration of alternative employment applies retroactively to the date of Kelly's maximum medical improvement, we reverse the Board's decision and remand this case for further proceedings.
 
 
 
 [1]
 In its decisions on appeal and on reconsideration, the Board did not reassess the ALJ's determination that WMATA proved the existence of alternative employment in February 1986, presumably because the legal presumption employed by the Board rendered irrelevant the date an employer demonstrates alternative employment options. WMATA, moreover, did not challenge on appeal to the Board the ALJ's finding that alternative employment was demonstrated in the job market survey completed in February 1986. See Board's 6/30/89 decision at 2, App. 11 (summarizing WMATA's claims on appeal). While WMATA attempts to reargue before this court its contention that alternative employment was established in 1984, this claim was considered and rejected by the ALJ based on record evidence and has not been properly preserved for this court's review. See ALJ's decision at 6, App. 6; see also Board's 6/30/89 decision at 4, App. 13 (affirming ALJ's decision and order "[i]n all other respects")